IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS, :
:
         Plaintiff :
:
    VS. :
:
Captain PEETE, Lieutenant ELKINS, :    NO. 7:06-CV-128 (HL)
Sergeant SWAIN, and Sheriff ASHLEY :
PAULK, :
:
         Defendants :
_____ :    **ORDER TO SUPPLEMENT COMPLAINT**

      Plaintiff **RECKO ELLIS**, presently an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

      It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. BACKGROUND*

Plaintiff alleges that on December 19, 2006, defendants Captain Peete, Lieutenant Elkins, and Sergeant Swain attacked and beat plaintiff. Plaintiff claims that he "suffered physical pain" and was denied medical treatment following the attack. In the body of the complaint, plaintiff does not mention defendant Sheriff Ashley Paulk at all. Plaintiff seeks compensatory damages of $800,000.00 and $20,000.00 punitive damages from each defendant.

*II. ORDER TO SUPPLEMENT*

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of plaintiff's claims can be made. Accordingly, plaintiff is instructed to supplement his complaint by describing:

(1) the alleged incident of December 19th in greater detail, including what plaintiff was doing prior to the incident;

(2) precisely how each of the named defendants assaulted him;

(3) the nature and extent of his injuries; and

(4) the specific medical treatment plaintiff needed that he did not receive.

Plaintiff should also explain how defendant Sheriff Ashley Paulk was involved in the December 19th incident.

*III. NOTICE*

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claims. The Court will review the supplement to determine which,

if any, claims may go forward and which, if any, defendants should be served with a copy of the complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 5th day of January, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE