IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RECKO ELLIS, :
:
    Plaintiff :
:
:
VS. : 7 : 06-CV-128 (HL)
:
Captain PEETE, et al., :
:
:
    Defendants. :

## RECOMMENDATION

Presently pending in this action brought pursuant to § 1983 are the plaintiff's "Motion to File Harassment Court Order" and Motion for a Temporary Restraining Order. The plaintiff filed this action in December 2006, raising allegations of excessive force at the hands of the defendants. In his "Motion to File Harassment Court Order", the plaintiff appears to seek injunctive relief against the defendants, alleging that they were harassing him, calling him names and threatening harm. In his Motion for a Temporary Restraining Order, the plaintiff seeks a "restraint order" against the defendants, stating that he does not feel safe around the defendants during his confinement at the Lowndes County Jail.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir.

1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motions reveals no basis for the issuance of an injunctive order.  The plaintiff has not established that he is entitled to injunctive relief, i.e., there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries.  Accordingly, it is the recommendation of the undersigned that the plaintiff's Motion for a Temporary Restraining Order and "Motion to File Harassment Court Order" be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of June, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE